George R. and Jane L. Melat v. Commissioner.
Melat v. Commissioner
Docket No. 38042.
United States Tax Court
1953 Tax Ct. Memo LEXIS 278; 12 T.C.M. (CCH) 443; T.C.M. (RIA) 53141; April 24, 1953
*278 Dependency credit: Section 25 (b) (3), I.R.C. - Upon the facts, held, for the calendar year 1948, petitioner provided his mother with over half the support received by her, and, therefore, she qualifies as a dependent. Upon the facts, held, further, that for the calendar years 1949 and 1950, petitioner did not provide his mother with over half the support received by her, and, accordingly, the respondent did not err in denying the dependency credit claimed by petitioner for these latter years. George R. Melat, Woodford Road, RFD #3, Vienna, Va., for the petitioners. A. Russell Beazley, Jr., Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in the income tax of petitioners George R. Melat and Jane L. Melat as follows: Year
Deficiency
1948
$106.44
1949
106.66
1950
105.00
Total
$318.10
The only issue is whether the mother of petitioner George R. Melat was a dependent within the meaning of section 25 (b) (3) of the Code, and this depends upon whether he provided over half of her support during one or more of the three taxable years before us. In *279 addition to disallowing the dependency credit, respondent made other adjustments in the deficiency notice relating to the taxable years 1948 and 1949. These other adjustments are no longer contested by petitioners. Findings of Fact Petitioners George R. Melat and Jane L. Melat are husband and wife. Hereinafter when we refer to the petitioner, we mean petitioner George R. Melat. Petitioners filed joint returns for each of the taxable years 1948, 1949, and 1950. These returns were filed with the Collector for the District of Virginia. During the taxable years petitioner was employed by the Federal Power Commission. He and his family reside in Vienna, Virginia. Petitioner's father Frank H. Melat and his mother Sarah V. Melat live in Hobart, Indiana. Petitioner's mother is claimed by petitioners as a dependent on their tax returns for each of the three taxable years before us. Petitioner made certain contributions toward the support of his parents during each of the taxable years. During the taxable years, Frank and Sarah Melat lived in a house belonging to petitioner. The house, a three-room house with bath, is located in Hobart, Indiana. The maximum legal rent for this house *280 as set by the OPA in 1943 was $32.50 per month, not including utilities but including repairs and upkeep. The house in Hobart, Indiana, was acquired by petitioner in November 1940. According to the tax returns petitioner's cost basis for the house, together with improvements, was $1,886.50. On the tax return, income and expenses in connection with the house were claimed with resulting loss in the following amounts: 1948
1949
1950
Rent Receipts
$105.00
$ 75.00
$ 82.50
Depreciation
$78.66
$77.16
$77.16
Repairs
38.00
18.75
17.25
Other Expenses
24.50
26.30
27.56
Total Expenses
141.16
122.21
121.97
Net Loss
$ 36.16
$ 47.21
$ 39.47
At one time petitioner rented the house for $32.50 per month. When his parents moved into the house petitioner reduced the rent to $15 per month. During 1948, when petitioner saw that his father was unable to pay the $15 per month rental, petitioner reduced the rent to $7.50 per month. As is indicated by the rental receipts reported per return, petitioner's father did not pay the $7.50 during every month of 1949 or 1950. By means of reducing the rental rate on this *281 house petitioner contributed to the support of his mother. In addition, during 1948, petitioner gave his mother a vacation costing about $30 and also at least $35 for clothing. During the taxable year 1949, in addition to the support arising out of the house, petitioner gave his mother a vacation costing about $50 and $10 for clothes. In the taxable year 1950, besides the house, petitioner assisted in supporting his mother by giving her a vacation costing about $50 and about $20 for clothes. The cash expenses of the house actually amounted to $62.50 [1] for the year 1950, though petitioners claimed only $44.81 on their tax return. During the three years before us neither of petitioner's parents received any taxable income, though they did receive some support in addition to that given by petitioner. During 1948, petitioner's parents received no support except that provided by petitioner. During 1949, however, petitioner's father received $550 for old age assistance. *282 This sum was made up of 11 payments of $50 each, the payments commencing in February 1949. These monthly payments of $50 were regularly made to Frank Melat until September 1950. At this time Frank Melat began receiving Social Security benefits of $33.40 per month and Sarah Melat began receiving $17.70 per month. When they started receiving their Social Security benefits the old age assistance payments to them stopped. During the taxable year 1950, petitioner's parents apparently received old age assistance and Social Security in the following amounts: Old Age Assistance - Frank (8 mo. at
$50.00)
$400.00
Social Security - Frank (4 mo. at $33.40)
133.60
Social Security - Sarah (4 mo. at $17.70)
70.80
Total
$604.40
During this period petitioner's father was in poor health and a substantial portion of the old age assistance and Social Security benefits was used to pay his medical expenses. Petitioner's mother usually kept about 40 chickens on the place, and a substantial portion of the parents' food was raised in Sarah Melat's garden. Petitioner testified that the support given his parents during the taxable years, other than the aforesaid items, was nominal *283 in amount. The support received by Sarah Melat from petitioner constituted over one-half the support received by her during the calendar year 1948. Opinion BLACK, Judge: Section 25 (b) (3) of the Code, the pertinent part of which appears below, [2] gives the definition of a dependent. That portion of the definition which concerns us here is that the dependent claimed by the taxpayer must receive over half of his support from the taxpayer during the calendar year. The question before us then is one of fact as to whether petitioner provided his mother with more than half the support received by her. We must make separate determinations in respect to the dependency for each of the three calendar years before us. The determination for each year depends upon the facts relating to that year. In our Findings *284 of Fact we determined as carefully as we could from the record the amount of support given by petitioner to his parents Frank and Sarah Melat. We also ascertained to the best of our ability the total support received by them from other sources during each of the taxable years. Such support is not limited to taxable net income received but must include all receipts whether the receipts be taxable income or not. In our Findings of Fact we found certain facts relating primarily to petitioner's father, even though only his mother was claimed as a dependent. Petitioner's parents lived together in the same house; together they comprised a single economic unit. Some of Sarah's support was provided through her husband. Under these circumstances it was necessary to find facts relating to both of them. The parties contend we must decide what is the proper basis for measuring the support given: whether it is actual cost as contended by respondent or market value of the maintenance furnished. As we see it, under the facts presented here we need not decide this issue for whichever standard is used our holding is the same for each taxable year. As we have already explained, we have before us *285 for decision a fact question for each taxable year. The facts presented here are such that a detailed analysis would serve no useful purpose. For the taxable year 1948, we have found as an ultimate fact, and we think that this finding is supported by the record, that petitioner contributed over half the support received by his mother; therefore, we hold that petitioner is entitled in 1948 to a dependency credit of $600 for his mother. To this extent respondent erred in his determination for the year 1948. For the taxable years 1949 and 1950, the finding of an ultimate fact favorable to petitioners is not warranted from the record. We think that petitioner did not provide over half the support received by his mother during each of the calendar years 1949 and 1950. Other sources provided more than half her support. We, therefore, hold that in neither of these years is petitioner entitled to a dependency credit for his mother. For the taxable years 1949 and 1950, the tax deficiencies in the amounts determined by respondent are correct. In respect to the year 1948, recomputations are necessary. Decision will be entered under Rule 50. Footnotes
1. There is no issue with respect to these deductions as claimed per return; the actual expenses are set forth here for the sole purpose of showing the correct amount of support given by petitioner to his mother.↩
2. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - * * *
(3) Definition of dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: * * *↩